IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Darrell Andre Fuller, #93348-071, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>J. V. Smith, Warden of USP Edgefield; )<br>Henderson, Associate Warden; Neal, )<br>Unit Manager; Strevail, Case Manager; )<br>Morgan Johnson, Unit Counsel; Young, )<br>Food Service Administrator; Hughes, )<br>Assistant Food Service Administrator; )<br>and NFN Stacks, Food Service )<br>Administrator; and all defendants are )<br>employees at United States )<br>Penitentiary Edgefield, )<br>)<br>Defendants. )<br>) | Civil Action No. 6:04-2189-HMH-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

The plaintiff, a federal prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the court on a motion to dismiss or in motion for summary judgment filed by the defendants.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

**PROCEDURAL BACKGROUND**

The record reveals that the plaintiff is currently incarcerated at the Federal Correctional Institution (FCI) Edgefield, South Carolina. He is serving a 200-month term

of incarceration imposed by the United States District Court for the District of South Carolina for the offense of possession with intent to distribute cocaine base within 1000 feet of a housing facility owned by a public housing authority (21 U.S.C. §841(a)(1) & §860(a)). He has a projected satisfaction date of November 15, 2012, via good conduct time release.

Defendant Joseph V. Smith is currently the Warden of United States Penitentiary (USP) Lewisburg, Pennsylvania. Defendant William Henderson, Jr., is a former Associate Warden of FCI Edgefield. Defendant Joseph Neal is a Unit Manager at FCI Edgefield. Defendant Jason Streeval is a Case Manager at FCI Edgefield. Defendant Lisa Morgan Johnson is currently a Lieutenant at Federal Detention Center (FDC) Philadephia, Pennsylvania. Defendant Alvin Young is the Food Service Administrator at FCI Edgefield. Defendant Roxanne Hughes is Assistant Food Service Administrator at FCI Edgefield. Defendant Anthony Stacks is Assistant Food Service Administrator at FCI Edgefield.

The plaintiff has filed this action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that the defendants collectively violated his First, Fifth, Sixth, and Eighth Amendment rights by subjecting him to discrimination, retaliation, cruel and unusual punishment, and unnecessary and wanton infliction of pain and suffering. Specifically, the plaintiff alleges that he is being denied further education in the food service craft of baking. He claims the defendants, through their prejudice, used their official positions to conspire to remove him from the FCI Edgefield Food Service Department. He contends that the defendants removed him from the Food Service Department because his knowledge and experience in preparing food was greater than that of the Food Service staff members. He also alleges that, due to his removal from the Food Service Department and reassignment to the position of a compound orderly, he is unable to care for himself because he is unable to purchase necessary items from the commissary for adequate hygiene and postage.

As relief, the plaintiff seeks a jury trial, an order from the court that prisoners not be fired from their job because of experience and dislike from staff, $1,000 from each defendant for pain and suffering, and any other relief the court deems just and appropriate.

The plaintiff filed his complaint on April 9, 2004, in the United States District Court for the District of Columbia, alleging that the defendants violated his constitutional rights while he was incarcerated at FCI Edgefield. By order filed April 9, 2004, the action was transferred to the United States District Court for the District of South Carolina. The plaintiff filed an amended complaint on July 28, 2004. The defendants filed a motion to dismiss or, in the alternative, for summary judgment on October 26, 2004. By order filed on November 1, 2004, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the defendants' motion. The plaintiff filed a response to the defendants' motion on December 6, 2004.

## **FACTUAL BACKGROUND**

On February 21, 2003, the plaintiff moved to FCI Edgefield and was assigned to the Admission and Orientation program. He remained in this assignment until March 13, 2003, when he was assigned to the Food Service Department. The plaintiff was in this job assignment for only six days when he was placed in the FCI Edgefield Special Housing Unit (SHU) on March 18, 2003, for the prohibited acts of Indecent Exposure and Destruction of Government Property less than $100. He remained in the SHU until May 16, 2003, at which time he was placed in an unassigned status. He remained in an unassigned status until June 11, 2003, when he was assigned to the Food Service Department again. He remained in this assignment until June 17, 2003, when he was removed from the Food Service Department and assigned a job in the Recreation Department (Neal aff. 2).

3

> The plaintiff alleges as follows:
>
> Defendants conspired to have plaintiff removed from food service, for everytime any Breads, Cakes, Biscuits, etc. were to be made, Defendant Stacks wanted to follow a receipt, and when Plaintiff would use his many years of experience to produce a more supreme item and compliments were given to Plaintiff and request were made "to do some more like that," Defendant's grew in anger, would make threats to have Plaintiff removed from food service, and when outside issues other than work related came to be Plaintiff was removed from food service and placed in a compound orderly position, thus denying Plaintiff constitutional progress, very grave decrease in pay, nasty remarks from food service staff when passing or in the dining room, a very pleasant smile from Defendant Stacks now that Plaintiff is no longer in the bakery.

(Compl. 2).

The defendants contend that the plaintiff was removed from the Food Service Department because he admitted to defendants Young and Hughes that he could not trust himself working around female staff members (Young aff. ¶3). Hughes had learned that the plaintiff was making this statement to others. When she and Young met with the plaintiff to investigate the statement, he explained that he had an uncontrollable fetish that caused him not to trust himself to work with women (Hughes aff. ¶3). There were seven female staff members who worked in the Food Service Department. Accordingly, the plaintiff's admission, coupled with his two previous acts of indecent exposure, caused the Food Service Department staff to determine that he was not appropriate for that department and he was removed from the Food Service job assignment (Young aff. ¶4; Hughes aff. ¶4).

## **APPLICABLE LAW**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support his claim and would entitle him to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should

view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) (citations omitted).

This court is required to construe *pro se* complaints and petitions liberally. Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). The requirement of liberal construction does not mean, however, that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4ht Cir. 1990).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-418 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

Rule 56(c) of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law.  As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact.  *Celotex Corp. V. Catrett,* 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue.  *Id.* at 324.  Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion.  *Anderson,* 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion.  *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.  Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

## **ANALYSIS**

*Subject Matter Jurisdiction*

Federal subject matter jurisdiction may lie against individual federal officials for violations of the constitutional rights of individuals. *See* 28 U.S.C. §1331 (2004); *Bivens*, 403 U.S. 388 (1971). However, *Bivens* actions are available only where the conduct alleged rises to the level of a constitutional violation. *Siegart v. Gilley*, 500 U.S. 226, 232 (1991). In this case, the plaintiff has failed to allege any facts to support a constitutional claim against any of the defendants in their *individual* capacities. Rather, the acts complained of by the plaintiff were acts carried out by the defendants in their official capacities. Accordingly, this court lacks jurisdiction to consider the action under *Bivens*.

To the extent the plaintiff seeks to sue the defendants in their official capacities, however, the plaintiff is, in fact, suing the United States government. The United States, its departments, and its agencies cannot be sued without its express consent, and express consent is a prerequisite to jurisdiction. *See Radin v. United States*, 669 F.2d 681, 684 (4th Cir. 1984). The plaintiff does not allege – and the defendants do not concede – that there as been a waiver of sovereign immunity in this action. Accordingly, the plaintiff has failed to establish that this court can exercise jurisdiction over his claims against these defendants. The defendants are thus entitled to summary judgment in this case.

Out of an abundance of caution and in light of the requirement that the court must liberally construe *pro se* pleadings, holding them to less stringent standards than those drafted by attorneys,[1] the court will address the merits of the plaintiff's asserted claims.

---

[1] *Estelle v. Gamble*, 429 U.S. 97, 106-107 (1976); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

***Work Assignment***

The plaintiff contends that he has been subjected to cruel and unusual punishment by being removed from his job assignment in the Food Service Department. Inmates, however, do not have a constitutional right to any specific work assignment. *Altizer v. Paderick*, 569 F.2d 812, 813 (4th Cir.), *cert. denied*, 435 U.S. 1009 (1978) (work assignments are within the discretion of prison officials). Accordingly, the plaintiff has failed to state a §1983 cause of action based upon his job reassignment, and this claim should be dismissed.

The court further notes that the plaintiff has not submitted any evidence in support of his claims that the defendants discriminated against him or retaliated against him. Instead, his claims are merely bald allegations which are insufficient to survive summary judgment. *See White v. Boyle*, 538 F.2d 1077 (4th Cir. 1976) (conclusory allegations insufficient to avoid summary judgment).

***Qualified Immunity***

The defendants have also raised the defense of qualified immunity. Qualified immunity protects government officials performing discretionary functions from suits for civil damages arising out of the exercise of their discretionary functions, provided that their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Slattery v. Rizzo*, 939 F.2d 213, 216 (4th Cir. 1991) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 73 L. Ed. 2d 396, 102 S. Ct. 2727 (1982)). The plaintiff's rights must be established so clearly that a "reasonable official would understand that what he is doing violates that right." *Slattery*, 939 F.2d at 216 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 97 L. Ed. 2d 523, 107 S. Ct. 3034 (1987)). Accordingly, ruling on a defense of qualified immunity requires "(1) identification of the specific right allegedly violated; (2) determining whether at the time of the alleged violation

the right was clearly established; and (3) if so, then determining whether a reasonable person in the [official's] position would have known that doing what he did would violate that right." *Pritchett v. Alford*, 973 F.2d 307, 312 (4th Cir. 1992).[2]

In determining whether the specific right allegedly violated was clearly established, tolerance is accorded in the qualified immunity defense to "'good faith' mistakes of judgment traceable to unsettled law, or faulty information, or contextual exigencies. . . [which] is deliberately designed to give protection to 'all but the plainly incompetent or those who knowingly violate the law.'" *Pritchett*, 973 F.2d at 313 (citing *Malley v. Briggs*, 475 U.S. 335, 341, 89 L.Ed.2d 271, 106 S.Ct. 1092 (1986)).

In addressing qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne,* 526 U.S. 286, 290 (1999); *see also Suarez Corp. Indus. v. McGraw,* 202 F.3d 676, 685 (4th Cir. 2000). Further, the Supreme Court held that "[d]eciding the constitutional question before the qualified immunity question also promotes clarity in the legal standards for official conduct, to the benefit of both the officers and the general public."  *Wilson,* 526 U.S. at 609.  If the court first determines that no right has been violated, the inquiry ends there, "because government officials cannot have known of a right that does not exist." *Porterfield v. Lott,* 156 F.3d 563, 567 (4th Cir. 1998); *see also Young v. City of Mount Rainier*, 238 F.3d 567,

---

[2] In order to shield officials from both the burdens of litigation as well as liability, establishment of qualified immunity is encouraged at the summary judgment stage. *Pritchett*, 973 F.2d at 313 (citing *Harlow,* 457 U.S. 800, 815-819). However, summary judgment remains appropriate "only if (1) there are no genuine issues of material fact, and (2) on the undisputed facts the defendant as movant is entitled to judgment as matter of law." *Pritchett*, 973 F.2d at 313 (citations omitted). Thus, it is appropriate to consider the third element of a qualified immunity defense (i.e., whether a reasonable officer would have known that his conduct violated a specific right) only if there are no genuine issues of fact with respect to the official's conduct under the circumstances. If issues of fact do exist, summary judgment is inappropriate, and the issue must be reserved for trial. *Pritchett*, 973 F.2d at 313 (citing *Mitchell*, 472 U.S. at 526).

577-78 (4th Cir. 2001) (where court concluded that the complaint did not allege a constitutional violation, there was no need to consider the question of qualified immunity).

In this case, as set forth above, the plaintiff has failed to demonstrate that the actions of the defendants violated any of his constitutional rights. Therefore, the defendants are entitled to qualified immunity on these claims.

**CONCLUSION AND RECOMMENDATION**

Wherefore, it is recommended that the defendants' motion for summary judgment be granted.

s/William M. Catoe
United States Magistrate Judge

April 29, 2005

Greenville, South Carolina