IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darrell Andre Fuller, #93348-071, )<br>)<br>      Plaintiff, )<br>  vs. )<br>)<br>J. V. Smith, Warden of USP Edgefield; )<br>Henderson, Associate Warden; Neal, )<br>Unit Manager; Strevail, Case Manager; )<br>Morgan Johnson, Unit Counsel; Young, )<br>Food Service Administrator; Hughes, )<br>Assistant Food Service Administrator; )<br>and NFN Stacks, Food Service )<br>Administrator; and all defendants are )<br>employees at United States )<br>Penitentiary Edgefield, )<br>)<br>      Defendants. ) | C.A. No. 6:04-2189-HMH-WMC<br><br>**OPINION AND ORDER** |

  This matter is before the court with the Report and Recommendation of United States Magistrate Judge William M. Catoe, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 DSC.[1] Darrell Andre Fuller ("Fuller"), a federal prisoner at the Federal Correctional Institution in Edgefield, South Carolina, proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983. In his Report and Recommendation, Magistrate Judge Catoe recommends granting the defendants' motion for summary judgment.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Fuller filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of *specific* objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The court adopts the Report in part, finding that the court lacks subject matter jurisdiction to hear Fuller's claims. The court declines to consider the alternative basis given by the Magistrate Judge for granting the defendants' summary judgment motion. Magistrate Judge Catoe recommends granting the defendants' summary judgment motion for lack of subject matter jurisdiction. Alternatively, the Magistrate Judge recommends granting the defendants' motion for summary judgment on the merits of Fuller's claims. Fuller specifically objects to the Magistrate Judge's conclusion that Fuller's conclusory allegations of discrimination and retaliation are insufficient to survive summary judgment. However, Fuller does not specifically object to Magistrate Judge Catoe's recommendation to grant the defendants' summary judgment motion for lack of subject matter jurisdiction.

As such, the court need not address Fuller's objection regarding his discrimination and retaliation claims. Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation in part.

Therefore, it is

**ORDERED** that defendants' motion for summary judgment is granted.

**IT IS SO ORDERED**.

                                        s/ Henry M. Herlong, Jr.
                                        United States District Judge

Greenville, South Carolina
May 25, 2005

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.